**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-3529** |
| **ORLEANS PARISH COMMUNICATIONS DISTRICT** | **SECTION "B"(5)** |

## ORDER AND REASONS

Defendant's motion to dismiss for failure to state a claim is before the Court. Rec. Doc. 5. Defendant's motion was set for submission April 25, 2018. Plaintiff has yet to respond to date. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 5) is **GRANTED,** dismissing all claims in the above captioned action.

**FACTS AND PROCEDURAL HISTORY**

On Dec. 12, 2016, Defendant rescinded its offer of employment to Plaintiff for the position of Deputy Director of Operations with the Orleans Parish Communications District. Rec. Doc. 5-2 at 1. Plaintiff Willie Davis ("Plaintiff") brought suit against Defendant for violating the Americans with Disabilities Act (ADA) (42 U.S.C. § 12112). *See* Rec. Doc. 1-2. Plaintiff, who suffers from kidney disease, alleges that Defendant withdrew its offer because of Plaintiff's "health related disability." *Id.* at 2.

Plaintiff originally filed the suit in the Civil District Court for the Parish of Orleans, State of Louisiana. Rec. Doc. 1

at 1. Defendant timely removed the matter to this Court on the basis of federal question jurisdiction pursuant to 42 U.S.C. § 12112. Rec. Doc. 5-2 at 1-2. Defendant filed a motion to dismiss for failure to state a claim, asserting that Plaintiff's petition does not indicate he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) before bringing suit. *Id*. at 2.

**LAW AND ANALYSIS**

Defendant seeks to dismiss the suit contending that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal under 12(b)(6), the plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff is expected to plead these facts with enough specificity to "raise a right to relief above the speculative level." *Id*., 550 U.S. at 555. Furthermore, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may grant the motion if it is apparent that the plaintiff is entitled to no relief "under any state of facts" brought forth to support his claim. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In employment discrimination context, plaintiffs must exhaust administrative remedies prior to filing suit in the district court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002). Exhaustion occurs once the plaintiff files a timely charge with the EEOC. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). In return, plaintiff receives a statutory notice of right to sue. *Id.* Filing an EEOC charge is not a jurisdiction prerequisite, but it is a "precondition to filing suit in district court." *Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). Because Louisiana is a "deferral state," the plaintiff must file its charge with the **EEOC within 300 days** of the initial occurrence of the discriminatory act "to preserve his right to sue in federal court." *DeBlanc v. St. Tammany Parish School Bd.*, 2015 U.S. Dist. LEXIS 33585 at *19 (E.D. La. March 18, 2015) (emphasis added). District courts have allowed a plaintiff to amend his pleading before dismissal unless the defects are incurable or the plaintiff is unable to do so. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, Defendant argues that Plaintiff failed to state a viable ADA discrimination claim by not exhausting administrative remedies before bringing his claim to federal court. Rec. Doc. 5-2 at 3. Plaintiff's petition does not indicate that he filed a timely EEOC charge. Further, the current record fails to show receipt of a right to sue letter, which in addition to a timely filed EEOC charge would

serve as prerequisites to an ADA discrimination claim. *Id*. Plaintiff learned that OPCD rescinded the job offer on Dec. 12, 2016, at the very latest. Rec. Doc. 5-2 at 4. Therefore, the 300-day limitations period has lapsed, and Plaintiff can no longer cure the deficiency by amendment or otherwise due to his failure to exhaust administrative remedies. *Id*.

New Orleans, Louisiana, this 11th day of June, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE